IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK JONES, | ) | Case No. 1:17-cv-1497 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | THOMAS M. PARKER |
| | ) | |
| COMMISIONER OF | ) | |
| SOCIAL SECURITY, | ) | **<u>MEMORANDUM OPINION &</u>** |
| | ) | **<u>ORDER</u>** |
| Defendant. | ) | |

On August 30, 2018, Attorney Katherine Braun petitioned the court for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d)(1)(A). Ms. Braun requests that the court shift the cost of plaintiff's attorney fees to defendant. She requests fees in the amount of $3,807.00 representing 20.50 attorney hours at the rate of $185.75 per hour. ECF Doc. 19 at Page ID# 623.

Defendant doesn't oppose an award of attorney fees. Nor does she question the attorney hours of Ms. Braun. However, she argues that the award of attorney fees should be limited to the hourly rate of $125 provided by the EAJA. Defendant recognizes that the court is permitted to increase the hourly rate for attorney fees, but contends that Attorney Braun has not met the burden of producing appropriate evidence to support the higher hourly rate. ECF Doc. 20 at Page ID# 630-631. Defendant requests that the court reduce Ms. Braun's attorney fee award to $2,562.50, representing 20.50 attorney hours at the statutory rate of $125.00 per hour.

Under the EAJA, the amount of attorney fees awarded:

shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  In requesting an increase in the hourly-fee rate, plaintiff bears the burden of producing appropriate evidence to support any requested increase.  *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant").  Plaintiff must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Id*. at 895 n. 11.

The court may award attorney fees at a higher hourly rate if an increase in the cost of living or a special factor justifies the higher fee.  Here, Attorney Braun does not argue that a special factor justifies a higher hourly rate.  Rather, she seeks an increased rate based on inflation.  She submits two affidavits: her own and the affidavit of another attorney, Paula Goodwin.  Ms. Braun's affidavit states that she has been practicing law since 1993 and has submitted "hundreds of briefs . . . regarding claimants who have been denied their social security benefits."  ECF Doc. 19-2 at Page ID# 627.  This affidavit contains no evidence regarding an increase in the cost of living that would justify a higher hourly rate.

Paula Goodwin's affidavit states:

1.  I have been practicing law since 1977.

2

\* \* \*

3.  I have concentrated my practice on representing children and adults seeking benefits from the Social Security Administration at the administrative level and the district court.

4.  I have been a speaker at legal seminars to instruct other attorneys who represent their clients before the Social Security Administration and I have attended continuing legal education seminars on the subject sponsored by the local and state bar associations and the National Organization for Social Security Representatives.

5.  I have represented thousands of people in these cases and I have experience in legal and medical issues relating to Social Security disability law.

6.  The majority of my fees are paid on a contingency basis and are not more than 15% of the past due benefits awards to my clients.

7.  I have had occasion to apply for fees in cases in the Northern District of Ohio where a reasonable hourly fee is considered in the court's determination and I have been awarded fees at an hourly rate of $350.00.

8.  I have known Katherine Braun for more than 10 years and I have had occasion to discuss social security law and procedure with her and I know that she is experienced and well respected in our field of practice.

9.  In my opinion an hourly rate of $350.00 is reasonable for an individual of Ms. Braun's experience and expertise.

ECF Doc. 19-3 at Page ID# 628.  Ms. Braun also cites another district court's decision, *Ritchie v. Commissioner of Social Security,* 1:14-cv-01517, 2015 U.S. Dist. LEXIS 121269 (N.D. Ohio Sept. 11, 2015), in which the court awarded fees of $185.75 per hour.  A difference of opinion exists within the Northern District of Ohio as to what constitutes sufficient evidence to justify an award of fees above $125.00 per hour.  *Hall v. Comm'r of Soc. Sec.,* 1:12-cv-1764, 2013 U.S. Dist. LEXIS 179599 (N.D. Ohio December 23, 2013); *Holliman v. Comm'r of Soc. Sec.,* 1:15-cv-0699, 2016 U.S. Dist. LEXIS 103430 (N.D. Ohio August 5, 2016).

In *Holliman,* another judge of this court considered evidence very similar to the evidence Attorney Braun submits here.  *Holliman,* 2016 U.S. Dist. LEXIS at \*7-\*9.  The court determined

that Attorney Braun failed to provide sufficient evidence to warrant an increase in the hourly rate. *Id.* In particular, the court determined that the affidavits of Ms. Braun and Ms. Goodwin did not provide the court with "the market rate in the district, the cost of living, the number of lawyers practicing in this area, or any other evidence to support the assertion that Attorney Braun should be paid $185.75 per hour." This court agrees with the analysis in *Holliman*. Ms. Braun has not provided any evidence of an increase in the regional cost of living that would justify an increased hourly rate. The fact that Ms. Goodwin has received fees in the amount of $350.00 per hour is insufficient evidence to justify an increase of the statutory hourly rate authorized by the EAJA. Ms. Goodwin's statements do not relate directly to the regional cost of living increase or to other special factors that would permit the court to increase the hourly rate.

Ms. Braun's petition (ECF Doc. 19) is GRANTED, in part, and DENIED, in part. The court awards attorney fees to Ms. Braun as requested in her petition, but at the statutory rate, in the amount of $2,562.50. This amount is payable to Mr. Jones who may be subject to offset to satisfy a pre-existing debut to the United States.[1]

**IT IS SO ORDERED.**

Dated: September 17, 2018

Thomas M. Parker
United States Magistrate Judge

---

[1] Here, the record does not contain an assignment of EAJA fees by plaintiff to his counsel. Thus, the fee is payable directly to plaintiff.